UNITED STATED DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 17-81088-Civ-Middlebrooks/Brannon

MERSHAD STABLES, LLC,

    Plaintiff,

v.

OAKLAND VENTURES LLC,
a Florida Limited Liability Company,
DARRAGH KENNY, an individual,
COURTNEY DE HECHAVARRIA,
an individual, and YURI MANSUR
GUERIOS a/k/a YURI MANSUR,
an individual,

    Defendants.
_____/

## JOINT DISOCVERY PLAN

Plaintiff, MERSHAD STABLES LLC, Defendant, OAKLAND VENTURES, LLC, Defendant, DARRAGH KENNY, and Defendant COURTNEY DE HECHAVARRIA (collectively, "Defendants")[1], by and through their respective undersigned counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, file their Joint Discovery Plan, and state as follows:

1.     Estimated valuation of the case from the perspective of Plaintiff, and Defendants

    -    Plaintiffs value the case at $325,000.00, plus attorneys' fees and costs.

    -    Defendants value the case at $0.

---

[1] Defendant, YURI MANSUR GUERIOS a/k/a YURI MANSUR, has not yet been served with a copy of the summons and complaint.

2. The date for exchanging initial disclosures pursuant to Rule 26(a)(1) – January 31, 2018.

3. The subject on which discovery may be needed - discovery related to the facts and circumstances surrounding the purchase of the subject horse will be required.

4. Whether the Parties can agree to limit discovery on particular issues through Stipulation - no.

5. What document discovery is needed - discovery related to the facts and circumstances surrounding the purchase of the subject horse will be required.

6. Whether discovery should be conducted in phases – yes – the Parties have determined to bifurcate the deadline for all fact discovery to be completed (September 1, 2018), and the deadline for all expert discovery to be completed (January 15, 2019).

7. Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information- yes.  The Parties expect to have all relevant electronically stored information, including documents maintained on a hard drive, and emails, disclosed through discovery conducted in this case.

 (a) the main information and documents sought – information and documents related to the facts and circumstances surrounding the purchase of the subject horse will be required.

 (b) the expected costs of e-discovery – minimal.

 (c) whether alternatives to e-discovery are possible – no.

8. What individuals each side intends to depose – all parties, either individually, or through their respective corporative representatives, and witnesses identified through discovery.

9. Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to

ask the court to include the agreement in an order under Federal Rule of Evidence 502 – none at this juncture.

10.     What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules – none.

11.     Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful – no.

Respectfully submitted on November 22, 2017.

Richard S. Lubliner, Esq.
LUBLINER KISH PLLC
1645 Palm Beach Lakes Blvd. Suite 1200
West Palm Beach, Florida 33401
rich@lubliner-law.com
carolina@lubliner-law.com

Jeffrey V. Mansell, Esq.
Romano Law Group
P.O. Box 21349
West Palm Beach, FL  33416
jeff@romanolawgroup.com

Christopher John Greene, Esq.
Purcell, Flanagan, Hay & Greene, P.A.
1548 Lancaster Terrace
Jacksonville, FL 32204
cgreene@pfhglaw.com